UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NEW YORK STATE TEAMSTERS CONFERENCE
PENSION & RETIREMENT FUND; JOHN
BULGARO, Trustee; DANIEL W. SCHMIDT, Trustee;
MICHAEL S. SCALZO, Sr., Trustee; MARK
GLADFELTER, Trustee; BOB SCHAEFFER, Trustee;
BRIAN HAMMOND, Trustee; MARK MAY, Trustee;
and PAUL MARKWITZ, Trustee,

                         Plaintiffs,

                                         5:19-CV-0165
v.                                    (GTS/CFH)

EASTERN REGIONAL CONTRACTING, INC.,

                         Defendant.
_____

APPEARANCES:                           OF COUNSEL:

PARAVATI , KARL, GREEN & DeBELLA, LLP     GERALD J. GREEN, ESQ.
  Counsel for Plaintiffs                   VINCENT M. DeBELLA, ESQ.
520 Seneca Street, Suite 105
Utica, NY 13502

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this employee benefits action filed by the New York State

Teamsters Conference Pension and Retirement Fund and eight Fund Trustees ("Plaintiffs")

against Eastern Regional Contracting, Inc. ("Defendant"), is Plaintiffs' motion for default

judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Dkt. No. 14.) For the reasons stated below,

Plaintiffs' motion is granted.

I.      **RELEVANT BACKGROUND**

A.      **Plaintiffs' Complaint**

Generally, in their Complaint, Plaintiffs assert two claims: (1) a claim that Defendant violated the parties' participation agreement, collective bargaining agreement and 29 U.S.C. § 1145 by failing to pay delinquent employee benefit contributions owed under the agreements, as well liquidated damages, and audit fees; and (2) a claim that Defendant is also liable to Plaintiffs for additional compensatory relief including interest on unpaid contributions, the greater of liquidated damages or an additional award of interest, and reasonable attorneys' fees and costs under 29 U.S.C. § 1132(g)(2).  (Dkt. No. 1 [Pls.' Compl.].)   Specifically, Plaintiffs allege that Defendant is liable for an outstanding balance for delinquent employee benefit contributions totaling $24,275.95 as of January 31, 2019, as well as interest determined at the rate specified in their agreements, an additional award of the greater of interest or liquidated damages as established by the participation agreement, and unspecified amounts of reasonable attorneys' fees and costs.  (*Id.*)

B.      **Relevant Procedural History**

On February 8, 2019, Plaintiffs filed their Complaint.  (Dkt. No. 1.)  On July 11, 2019, Plaintiffs filed an affidavit of service, in which they indicated that they had served Defendant with the Summons and Complaint on July 3, 2019.  (Dkt. No. 9.)  On July 31, 2019, the Court found that the time for Defendant to answer or otherwise respond to the Complaint had expired. (Dkt. No. 10.)  On that same date, Plaintiffs requested that the Clerk enter Defendant's default pursuant to Fed. R. Civ. P. 55(a) and Local Rule 55.1 of the District's Local Rules of Practice, which the Clerk did on August 1, 2019.  (Dkt. Nos. 11, 12.)

On September 3, 2019, Plaintiffs filed their current motion for default judgment, in which they assert they are entitled to an entry of default judgment because they have provided evidence to show that they are entitled by both law and contract to the requested types and amount of damages. (Dkt. No. 14, Attach. 5, at 9-18 [Pls.' Mem. of Law].) As of the date of this Decision and Order, Defendant has not filed a response to either the Complaint or Plaintiffs' motion. (*See generally* Docket Sheet.)

## II.    RELEVANT LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id*. "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed. R. Civ. P. 55[b][2]). "When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

Pursuant to Second Circuit law, when determining whether to grant a default judgment, the Court must consider three factors: (1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to the Plaintiffs' claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default

judgment.  *Pecarksy v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170-71 (2d Cir. 2001); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).  "An unexcused or unexplained failure to provide an answer to the Complaint will itself demonstrate willfulness," as does failing to respond to both a complaint and a subsequent motion for default judgment.  *United States v. Silverman*, 15-CV-0022, 2017 WL 745732, at *3 (E.D.N.Y. Feb. 3, 2017) (citing *S.E.C. v. McNulty*, 137 F.3d 732, 738-39 [2d Cir. 1998]; *Indymac Bank v. Nat'l Settlement Agency, Inc.*, 07-CV-6865, 2007 WL 4468652, at *1 [S.D.N.Y. Dec. 20, 2007]).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ."  *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted).  "However, the court cannot construe the damages alleged in the complaint as true."  *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc.*, 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]).  "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'"  *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]).  This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule."  *Alcantara*, 183 F.3d at 155.  Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ."  *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

Under N.D.N.Y. L.R. 55.2(a), when requesting an entry of default judgment from the

4

Clerk of the Court, the moving party must submit (a) the Clerk's certificate of entry of default, (b) a statement showing the principal amount due (not to exceed the amount demanded in the Complaint and giving credit for any payments with the dates of payments), (c) a computation of the interest to the day of judgment, (d) a per diem rate of interest, (e) the costs and taxable disbursements claimed, and (f) an affidavit of the moving party or the party's attorney.  N.D.N.Y. L.R. 55.2(a).  The appended affidavit must show that (a) the party against whom judgment is sought is not an infant or incompetent person, (b) the party against whom judgment is sought is not in military service, (c) the party against whom judgment is sought has defaulted in appearance in the action, (d) service was properly effected under Fed. R. Civ. P. 4, (e) the amount shown in the statement is justly due and owing and no part has been paid except as set forth in the party's other statement, and (f) disbursements sought to be taxed have been made in the action or will necessarily be made or incurred.  *Id.*

Under N.D.N.Y. L.R. 55.2(b), when moving for an entry of default judgment from the Court, the moving party must submit (a) the Clerk's certificate of entry of default, (b) a proposed form of default judgment, (c) a copy of the pleading to which no response has been made, and (d) an affidavit of the moving party or its attorney setting forth the facts required by N.D.N.Y. L.R. 55.2(a).  N.D.N.Y. L.R. 55.2(b).

**III.    ANALYSIS**

After carefully considering whether Plaintiffs are entitled to an entry of default judgment, the Court answers this question in the affirmative for the reasons stated in Plaintiffs' memorandum of law.  (Dkt. No. 14, Attach. 5, at 9-18 [Pls.' Mem. of Law].)  To those reasons, the Court adds the following analysis.

As an initial matter, the Court finds that Plaintiffs have sufficiently shown that the Complaint, when taken as true, establishes liability. Section 1145 of Title 29 of the United States Code states that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

In their Complaint, Plaintiffs allege that the collective bargaining agreement and participation agreement between them and Defendant require Defendant to make employee benefit contributions to the Pension Fund Plan. (Dkt. No. 1, at ¶¶ 9-13 [Pls.' Compl.].) In support of this allegation, Plaintiffs have submitted what their counsel represents to be a true and accurate copy of the parties' participation agreement, which Defendant has (of course) not challenged. The participation agreement, which the Court finds to be integral to Plaintiffs' Complaint, explicitly states that "[t]he Employer and Union understand and agree that the Fund contributions shall be made, as set forth herein, on all employees doing bargaining work," and that "[f]ailure on the part of the Employer to timely contribute on any of its employees as specified herein shall make the Employer liable. . . ." (Dkt. No. 14, Attach. 1, at 20.) Also in their Complaint, Plaintiffs allege that Defendant failed to comply with this contribution requirement as revealed by an audit conducted in accordance with the agreements between the parties. (Dkt. No. 1, at ¶¶ 14-20 [Pls.' Compl.].) In support of this allegation, Plaintiffs have submitted what their counsel represents to be documentary evidence establishing the deficiency in contributions. (Dkt. No. 14, Attach. 1, at 45-55.)

Plaintiffs have therefore sufficiently alleged that Defendant had an obligation to pay

contributions but failed to do so in violation of the agreements.  *See Bricklayers and Allied*

*Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton*, 779 F.3d 182, 187-88 (2d Cir.

2015) (finding that allegations and documentary evidence that the parties had an agreement

requiring defendant to remit contributions to the fund and that defendant failed to remit at least

some of those contributions were sufficient to render the defendant liable under ERISA).

The Court also finds that Plaintiffs have established entitlement to the amount of damages

requested, with a few exceptions.  The participation agreement states as follows:

> [f]ailure on the part of the Employer to timely contribute on any of its
> employees as specified herein shall make the Employer liable for all
> employee benefits claims which are incurred during the period of
> delinquency, damages, reimbursement to the Fund for the Fund's
> attorneys' fees, auditors' fees, court costs, disbursements and
> expenses incurred by the Fund in recovering the above," as well as
> that "the Employer must pay all arrears due the Fund together with
> liquidated damages in the sum of ten percent (10%) of the delinquent
> amount.

(Dkt. No. 14, Attach. 1, at 20.)

The Policies and Procedures for Contributing Employers document states that the rate of

interest for delinquent contributions is 11% per annum from the due date, as well as that the

Employer is liable for, in addition to that grant of interest, (1) the greater of another award for

interest at the same rate or 10% liquidated damages, (2) costs, and (3) attorneys' fees.  (Dkt. No.

14, Attach. 1, at 29.)  Section 1132(g) of Title 29 of the United States Code states that, where a

judgment is awarded in favor of a plan for an action under 29 U.S.C. 1145, the court shall award

the plan (a) the unpaid contributions, (b) interest on the unpaid contributions, (c) an amount

equal to the greater of (i) interest on the unpaid contributions or (ii) the liquidated damages

provided for under the plain not to exceed 20 percent of the amount of unpaid contributions, (d)

reasonable attorneys' fees and costs of the action, and (e) other legal or equitable relief as appropriate.  29 U.S.C. § 1135(g)(2).  Plaintiffs have therefore shown entitlement to the above classes of damages under both the parties' agreements and ERISA.

As to the amount of damages, Plaintiffs assert they are entitled to the following amounts: (a) $24,275.95 in delinquent employee benefit contributions; (b) $1,573.80 in interest at a rate of 11 percent from January 31, 2019, through September 3, 2019; (c) additional prejudgment interest from September 3, 2019, to the date of the judgment at a rate of 11 percent per annum ($7.32 per diem); (d) $2,427.60 as an additional award of liquidated damages on the delinquent amount; (e) $11,245.00 in attorneys' fees; (f) $470.00 in court costs; and (g) post-judgment interest pursuant to 28 U.S.C. § 1961(a).  (Dkt. No. 14, Attach. 4.)

As to delinquent contributions, Plaintiffs allege that the total outstanding audit liability (after partial payments were made by Defendant) was $24,275.95 as of January 31, 2019.[1]  (Dkt. No. 1, at ¶ 17 [Pls.' Compl.]; Dkt. No. 14, Attach. 1, at 45-63; Dkt. No. 14, Attach. 2 [Stilwell Decl.]; Dkt. No. 14, Attach. 3 [Tierney Decl.].)   The provided evidence sufficiently establishes this amount as the total remaining balance of Defendant's outstanding contribution.

As to interest, Plaintiffs have provided sufficient documentation that the applicable interest rate is 11 percent.  (Dkt. No. 14, Attach. 1, at 29, 45; Dkt. No. 14, Attach. 2, at ¶ 14 [Stilwell Decl.].)  As Plaintiffs calculate, this equates to a per diem rate of interest of $7.32,

---

[1]      In his declaration, Kenneth Stilwell, Executive Administrator of the New York State Teamsters Conference Pension & Retirement Fund, states that, although a pre-litigation review "confirmed" that Defendant had paid the audit-related liquidated damages and audit fees "in full", the outstanding delinquent contributions had been reduced only to $24,275.95 as of January 31, 2019.  (Dkt. No. 14, Attach. 2, at ¶ 12 [Stilwell Decl.].)  The declaration of in-house field auditor John F. Tierney, Jr., also substantiates both facts.  (Dkt. No. 14, Attach. 3, at ¶ 5 [Tierney Decl.].)

which results in a total of $1,573.80 in interest on the delinquent contribution amount between January 31, 2019, and September 3, 2019.  (Dkt. No. 14, Attach. 4, at 2.)  Plaintiffs are also entitled to prejudgment interest at the same rate for the period from September 3, 2019, through the date of this Decision and Order.

As to liquidated damages, the Court notes that Plaintiffs' own documentation indicates that Defendant already paid a sum of liquidated damages on the original amount of delinquent contributions found by the audit.  (Dkt. No. 14, Attach. 1, at 62 [noting a sum of liquidated damages assessed on the delinquency amount of $28,341.60]; Dkt. No. 14, Attach. 2, at ¶ 12 [Stilwell Decl.] [stating that Defendant had paid the assessed $2,834.16 liquidated damages amount in full]; Dkt. No. 14, Attach. 3, at ¶ 5 [Tierney Decl.] [stating that Defendant's partial payments were used first to satisfy the amount of the liquidated damages and the audit fees before the remainder was applied to the amount of delinquent contributions].)  It therefore appears that Defendant has already paid the amount of liquidated damages owed under the participation agreement and ERISA.  Plaintiffs have not provided any evidence that the plan agreement entitles them to recover one award of liquidated damages related to the fact an audit was performed (and revealed irregularities) *and* a separate award of liquidated damages based on the existence of delinquent contributions.  Notably, although the participation agreement indicates that Plaintiffs are entitled to assess both interest and 10 percent liquidated damages on delinquent contributions, the section related to audit policies specifies only that Plaintiffs are entitled to recover the cost of the audit when irregularities are discovered.  All of this supports a finding that Plaintiffs are entitled to only a single award of liquidated damages, which, as already noted, they have already been paid.  (Dkt. No. 14, Attach. 1, at 29, 32.)  As a result, the Court

finds that Plaintiffs are not entitled to $2,427.60 as an additional award of liquidated damages.

As to court costs, the Court finds that the requested $400.00 for the filing fee and $70 for the service of process fee is supported by the record and reasonable. *See UFCW Local One Pension Fund v. Ronald A. Popp, Inc.*, 09-CV-0979, 2011 WL 337332, at *3 (N.D.N.Y. Jan. 31, 2011) (Mordue, C.J.) (finding that $350 filing fee and $67.50 service of process fee were reasonable costs that could be recovered in an ERISA action); *New York State Teamsters Council Health & Hosp. Fund v. Musolino Auto Service*, 08-CV-0485, 2009 WL 10722257, at *2-3 (N.D.N.Y. Feb. 5, 2009) (Mordue, C.J.) (finding that $350 filing fee and $40 service of process fee were reasonable costs that could be recovered in an ERISA action).

As to attorneys' fees, Plaintiffs request a total of $11,245.00. (Dkt. No. 14, Attach. 4.) In support of this request, Plaintiffs submitted time records related to their counsel's work on this matter encompassing 34.60 hours for attorney Gerald J. Green, Esq., at a rate of $325 per hour. (Dkt. No. 14, Attach. 1, at 70-71.) In his declaration, Attorney Green states that he has been employed as Plaintiffs' litigation counsel since 1986, that he practices primarily in ERISA litigation matters, and that he is admitted to practice before this Court. (Dkt. No. 14, Attach. 1, at 5 [Green Decl.].) This Court has established that $240 is the hourly rate that is prevailing in this District for similar services by lawyers of reasonably comparable skill, experience, and reputation. *See UFCW Local One Health Care Fund v. JRR II, Inc.*, 18-CV-1200, 2019 WL 1115852, at *5 (N.D.N.Y. Mar. 11, 2019) (Sharpe, J.) (granting $240 per hour for an experienced attorney where there was no evidence offered to justify a higher rate, such as information about the novelty of the case, the ERISA related experience of the attorneys, or another case specific variable); *Board of Trustees of Laborers Pension Fund of Local Union No. 186 v. Casale*

10

*Construction Servs., Inc.*, 18-CV-0583, 2018 WL 6047825, at *3-4 (N.D.N.Y. Nov. 19, 2018)

(D'Agostino, J.) (finding $240 per hour to be a reasonable rate for an experienced attorney in an

ERISA case).  However, Courts have occasionally found that higher fees are also reasonable,

particularly where there is evidence presented of counsel's superior experience in the particular

field of law.  *See Easter v. Cayuga Medical Cntr. at Ithaca Prepaid Health Plan*, 14-CV-1403,

2017 WL 3267922, at *3 (N.D.N.Y. July 31, 2017) (Sannes, J.) (finding that rates between $245

and $275 were reasonable based on the attorneys' substantial and relevant experience in ERISA

matters and civil litigation); *Engineers Joint Welfare Fund v. C. Destro Develop. Co., Inc.*, 178

F. Supp. 3d 27, 35-36 (N.D.N.Y. 2016) (Kahn, J.) (noting that this court has upheld as reasonable

hourly rates between $250 and $345 for partners and $165 and $200 for senior associates) (citing

*Pope v. Cnty. of Albany*, 11-CV-0736, 2015 WL 5510944, at *9 [N.D.N.Y. Sept. 16, 2015]

[Kahn, J.]).

   Here, Plaintiffs have provided evidence that Attorney Green has been engaged in ERISA

litigation work since 1986, more 30 years.  The Court finds that counsel's experience merits an

upward departure from the most-cited rate of $240, but that a rate of $275 is the more appropriate

than the requested rate of $325 (based on a careful review of all of the relevant case law and the

fact that there is no indication that this matter was overly complex or required any highly

specialized knowledge or experience that would merit increasing the hourly rate further).  As a

result, the Court finds that Plaintiffs are entitled to only $9,515.00 in attorneys' fees.

   Lastly, the Court finds that Plaintiffs are entitled to recover post-judgment interest

pursuant to 28 U.S.C. § 1961(a).

   **ACCORDINGLY**, it is

**ORDERED** that Plaintiffs' motion (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to enter a default judgment in Plaintiffs' favor against Defendant in the amount of **THIRTY FIVE THOUSAND EIGHT HUNDRED THIRTY FOUR DOLLARS AND SEVENTY FIVE CENTS ($35,834.75),**[2] plus pre-judgment interest at a per diem rate of $7.32 from September 3, 2019, to the date of this judgment, and post-judgment interest at the rate established by 28 U.S.C. § 1961(a), from the date judgment is entered until the date of payment.

Date:   July 20, 2020
        Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[2]      This amount consists of the following: (1) $24,275.95 in delinquent employee benefit contributions; (2) $1,573.80 in interest at a rate of 11 percent from January 31, 2019, through September 3, 2019; (3) $9,515.00 in attorneys' fees; and (4) $470.00 in court costs.